UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

INSOMNIAC HOLDINGS, LLC, a Delaware
limited liability company,

    Plaintiff,

v.                                                                                               Case No.: 1:25cv23486

SDC HOLDINGS LLC, a Florida limited liability
Company; DAVID E. SINOPOLI, an individual;
HI-NOTE PRODUCTION & CONSULTING
LLC, a Florida limited liability company;
DAVIDE L. DANESE, an individual; FULL
CIRCLE F&B LLC, a Florida limited liability
Company; JOSE G. COLOMA CANO, an
Individual; and THE HAPPY COMPANY LLC,
a Florida limited liability company,

    Defendants.

_____/

## **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

Defendants SDC Holdings, LLC, David E. Sinopoli, HI-Note Production & Consulting, LLC, Davide L. Danese, Full Circle F&B LLC, Jose G. Coloma Cano, and The Happy Company, LLC (collectively, the "CDD Parties") hereby file their response to the Court's September 2, 2025 Order to Show Cause [ECF No. 26] (the "Order") and state as follows:

    1.    The Order requires the parties to show cause why the Court should not unseal the unredacted Complaint.

    2.    As Plaintiff conceded in its Motion to Seal, "the information contained in the Complaint and its exhibits likely do not meet the standards of the Federal Rules of civil Procedure

and/or the Florida Uniform Trade Secrets Act." ECF No. 8 ¶ 6. The CDD Parties similarly acknowledge that the Court should unseal the unredacted Complaint and its exhibits. Although the documents by which the parties are bound are by their terms confidential and the parties have a contractual obligation to take all reasonable steps necessary to keep the redacted portions of the Complaint and its exhibits under seal, the CDD Parties recognize that the information contained in the unredacted Complaint and its exhibits likely does not satisfy the good-cause requirement to overcome the presumption in favor of public access to court documents. *See OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1240-41 (11th Cir. 2022); *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363-65 (11th Cir. 2021).

3. The CDD Parties' acknowledgement that the good-cause requirement for sealing likely cannot be satisfied does not waive their rights to assert counterclaims arising from Plaintiff's violations of confidentiality.

4. The undersigned has conferred with Plaintiff's counsel, who states:

> Plaintiff states that because confidentiality is a material term in the documents signed by the parties, the parties have an obligation to make reasonable attempts to keep the Complaint and attachments under seal. However, Plaintiff concedes that the information contained in the Complaint and its attachments likely does not meet the high burden necessary for sealing. Plaintiff will provide a separate response to the Court's show cause order within the timeframe allotted.

5. Accordingly, the CDD Parties respectfully submit that the unredacted Complaint and its exhibits should be unsealed because the parties likely cannot demonstrate good cause to keep the filings sealed.

6. The CDD Parties also respectfully request that the Court order that any response filed by the CDD Parties relating to or arising out of the confidential documents signed by the parties that were the basis for Plaintiff's Motion to Seal shall not be filed under seal.

Dated: September 03, 2025.                    Respectfully submitted,

/s/ *Robert G. Keefe*
BRUCE ALAN WEIL
Fla. Bar No. 816469
bweil@bsfllp.com
ROBERT G. KEEFE
Fla. Bar No. 1010751
rkeefe@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 S.E. 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307

**Counsel for Defendants/Counterclaim Plaintiffs SDC Holdings, LLC, David E. Sinopoli, HI-Note Production & Consulting, LLC, Davide L. Danese, Full Circle F&B LLC, Jose G. Coloma Cano, and The Happy Company, LLC**