UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

INSOMNIAC HOLDINGS, LLC, a Delaware
limited liability company,

    Plaintiff,

vs.                                                                               CASE NO.: 1:25cv23486-RKA

SDC HOLDINGS, LLC, a Florida limited liability
company, DAVID E. SINOPOLI, an individual,
DAVIDE L. DANESE, an individual, and
JOSE G. COLOMA CANO, an individual,
HI-NOTE PRODUCTION AND CONSULTING,
LLC, a Florida limited liability company,
FULL CIRCLE F&B, LLC, a Florida limited
liability company, THE HAPPY COMPANY,
LLC, a Florida limited liability company,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO SEPTEMBER 2, 2025, ORDER TO SHOW CAUSE**

    Plaintiff Insomniac Holdings, LLC (Plaintiff"), by and through the undersigned counsel of record, responds to this Court's September 2, 2025, Order to Show Cause as follows:

**INTRODUCTION**

    As noted in Plaintiff's Motion to File Under Seal (Dkt. 8) (hereinafter, the "Motion to Seal"), the Parties hereto are bound by confidentiality provisions in certain agreements. Those confidentiality provisions require that the parties make reasonable efforts to file those agreements under seal. In discharging its obligations, Plaintiff sought to file the operative Complaint and its attachments under seal. However, in so doing, Plaintiff acknowledged the countervailing and significant interest in public access to court records. The Court provisionally sealed the Complaint

1

(Dkt. 1) and its attachments and has now asked the parties to show cause as to why the Complaint and its attachments should not be unsealed.

In response, Plaintiff reiterates its candid position in its Motion to Seal, that is, Plaintiff believes that (1) the confidentiality provisions in the contracts by which the Parties are bound are material, (2) in the context of enforcement, the Parties have an obligation to make reasonable attempts to keep the information under seal, and (3) notwithstanding the foregoing, the information in the agreements by which the Parties are bound likely does not meet the high burden for sealing information on otherwise public dockets.

## MEMORANDUM OF LAW

### A. Legal Standard

In the Southern District of Florida, Local Rule 5.4 governs the filing of material into the record under seal, stating as a general policy, "Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. Local Rule 5.4(a). The public's right of access may therefore be overcome by a showing of good cause. *See, e.g., Romero*, 480 F.3d at 1245; *see also Security Networks, LLC v. Vision Security, LLC*, 2014 WL 12538975 (S.D. Fla. Apr. 8, 2014). "When determining whether good cause to seal exists, a district court must first look to 'the nature and the character of the information in question.'" *Security Networks, LLC*, 2014 WL 12538975, at *1, citing *Romero,* 480 F.3d at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1315).

### B. Analysis

As noted in the Motion to Seal, the Parties attended a pre-suit mediation in an attempt to resolve certain disputes. A material term of the documents upon which the dispute was resolved

is confidentiality.[1]  Thus, while the Parties agreed that the documents may be attached to any complaint filed, they also agreed that that the filing parties must take all reasonable steps necessary to keep the filing under seal.

The Complaint, which alleges certain breaches of the documents upon which the dispute was resolved, attaches the documents to which the Parties are bound and references those documents' terms throughout the Complaint's allegations.  *See, e.g.,* Complaint, Dkt. 1 § III.  However, while documents by which the Parties are bound are by their terms confidential and such confidentiality was a material term of the compromise, the information contained in the Complaint and its exhibits likely do not meet the high standards for sealing under the Federal Rules of Civil Procedure and/or the Florida Uniform Trade Secrets Act.

---

[1] A term which the CDD Parties repeatedly violated prior to Plaintiff having no choice but to file the instant action.  In so doing, Plaintiff does not waive the CDD Parties' violations of confidentiality; nor does Plaintiff waive confidentiality by filing the instant action.  That said, the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida do not permit parties to designate matters as confidential absent specific circumstances.

The CDD Parties are going to attempt to utilize the filing of this action—which the CDD Parties caused by their repeated violations of confidentiality—as Plaintiff waiving confidentiality and are going to attempt to weaponize litigation privilege to disparage Plaintiff and its principals.  This is seen insofar as the CDD Parties seek a blanket order that "any response filed by the CDD Parties relating to or arising out of the confidential documents signed by the parties that were the basis for Plaintiff's Motion to Seal shall not be filed under seal."  (Dkt. 2.)

By conceding, in good faith, that confidentiality between the Parties cannot overcome the requirements of the Federal Rules of Civil Procedure, the Southern District of Florida Local Rules, or the Florida Uniform Trade Secrets Act, Plaintiff does not waive the confidentiality provisions to which Plaintiff is entitled—and does not waive or release any claims for further violations of confidentiality by the CDD Parties.  Moreover the litigation privilege is not absolute and is only applicable where "the statements bear some relation or connection with the pending matter."  *DelMonico v. Traynor*, 116 So. 3d 1205, 1208 (Fla. 2013).  Plaintiff and its principals reserve all rights to seek redress for defamatory statements that are made in the course of this proceeding that are in no way related to the dispute between the Parties.

### C. Timing of Filing

In the event that the Court instructs Plaintiff to file the unredacted Complaint and attachments on the public docket, Plaintiff respectfully requests that the Court allow three business days to do so.

Dated: September 5, 2025

Respectfully submitted,

**SHAW LEWENZ**
110 SE 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Tele: (954) 361-3633
Fax: (954) 989-7781

*/s/ Jordan A. Shaw*
Jordan A. Shaw, Esq. (FBN 111771)
jshaw@shawlewenz.com
Zachary D. Ludens, Esq. (FBN 111620)
zludens@shawlewenz.com
Gabriel E. Morales, Esq. (FBN 1038778)
gmorales@shawlewenz.com
Lauren N. Palen, Esq. (FBN 1038877)
lpalen@shawlewenz.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2025, a true and correct copy of the foregoing was filed on CM/ECF and will be served along with a copy of the Complaint.

*/s/ Jordan A. Shaw*