**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

INSOMNIAC HOLDINGS, LLC,

       Plaintiff,

vs.

SDC HOLDINGS, LLC, *et al.*,

       Defendants.

_____/

CASE NO.: 1:25cv23486-RKA

SDC HOLDINGS, LLC, *et al.*

       Counter-Plaintiffs,

v.

INSOMNIAC HOLDINGS, LLC, *et al.*,

       Counterclaim Defendants.

_____/

**INSOMNIAC HOLDINGS, LLC AND PASQUALE ROTELLA'S**
**UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMIT**
**FOR THEIR RESPONSE TO DEFENDANTS' COUNTERCLAIM**

Plaintiff/Counter-Defendants, Insomniac Holdings, LLC and Pasquale Rotella ("Counter-Defendants") by and through the undersigned counsel of record, and, under S.D. Fla. L.R. 7.1(c)(2) and Fed. R. Civ. P. 7(b), hereby respectfully requests an order granting leave to file a consolidated motion to dismiss the Counterclaim filed by SDC Holdings, LLC, David E. Sinopoli, Davide L. Danese, Jose G. Coloma Cano, Hi-Note Production and Consulting, LLC, Full Circle F&B, LLC, and The Happy Company, LLC (collectively, "Counter-Plaintiffs") not to exceed thirty pages of

text, exclusive of pages that do not count under the Local Rules.[1]  In support thereof, Counter-Defendants state the following:

1.      On September 24, 2025, Counterclaim-Plaintiffs filed a 44-page Counterclaim (Dkt. 34) with 205 numbered allegations and 10 causes of action—ranging from contract claims to fraud-based torts.

2.      Absent leave, S.D. Fla. L.R. 7.1(c)(2) limits the motion (and incorporated memorandum) to twenty pages and any reply to ten pages.  Given the scope and variety of issues presented—including Rule 12(b)(6) thresholds, Rule 9(b) particularity as to fraudulent inducement and negligent misrepresentation, alternative quasi-contract theories (unjust enrichment/quantum meruit) pleaded alongside contract claims, and fiduciary-duty theories premised on an alleged "partnership"—Counter-Defendants request leave to file an opening brief up to thirty pages and, if the Court finds it helpful, a reply up to fifteen  pages.

## LEGAL STANDARD

3.      S.D. Fla. L.R. 7.1(c)(2) provides that, absent prior leave of Court, a motion with its memorandum "shall not exceed twenty (20) pages," and a reply "shall not exceed ten (10) pages," excluding the title page, tables of contents/citations, a "request for hearing," signature pages, and the certificates of conferral and service.

## GOOD CAUSE EXISTS TO ALLOW A LIMITED ENLARGEMENT

4.      The Counterclaim's 205 paragraphs over 44 pages; the ten counts (Counts I–X); and the two lengthy exhibits—the Term Sheet (Ex. A) and Settlement Agreement (Ex. B)—require addressing multiple, distinct legal defects efficiently. *See* Countercl. at caption & at 33–44 (Counts I–X); Exs. A–B (45–65).

---

[1] *See* S.D. Fla. L.R. 7.1(c)(2).

5.      Counts VIII (Fraudulent Inducement) and IX (Negligent Misrepresentation) rely on alleged pre-settlement statements and require Rule 9(b) analysis. Therefore, it is difficult to adequately address issues of particularity, reliance, and non-actionable future promises within twenty pages without sacrificing clarity. *See* Countercl. at 40–42; Ex. B (50–65).

6.      Similarly, the Counterclaim pleads contract-based claims (Counts I–II) and alternative quasi-contract theories (Counts VI–VII), as well as multiple fiduciary-duty theories (III–V), all arising from the same operative set of facts and the Settlement Agreement attached as Exhibit B.  It is challenging to address these claims within twenty pages in conjunction with the fraud claims.

7.      A concise but complete 30-page motion promotes efficiency and avoids excessive incorporation by reference and will permit the Court to more easily analyze the issues presented without resorting to gleaning information from various additional documents.  Counter-Defendants will avoid duplication and keep the brief focused on dispositive issues.

8.      What's good for the goose is good for the gander, and therefore Counter-Defendants also request a commensurate extension of the page limit for Counter-Plaintiffs' response.

## CONFERRAL UNDER LOCAL RULE 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel conferred with counsel for Counterclaim-Plaintiffs on October 6, 2025, who indicated no objection to the relief sought herein.

WHEREFORE, Counter-Defendants, Insomniac Holdings, LLC and Pasquale Rotella, respectfully request an order permitting them to file a brief in response to the Counterclaim with up to thirty pages of text, exclusive of pages not counted by S.D. Fla. L.R. 7.1(c)(2), permitting Counter-Plaintiffs a commensurate extension of the page limit, and permitting a reply up to fifteen pages, along with any further relief this Court deems just and proper under the circumstances.

Dated: October 9, 2025           Respectfully submitted,

**SHAW LEWENZ**
110 SE 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Tele: (954) 361-3633
Fax:  (954) 989-7781

*/s/Gabriel E. Morales*
Jordan A. Shaw, Esq. (FBN 111771)
jshaw@shawlewenz.com
Zachary D. Ludens, Esq. (FBN 111620)
zludens@shawlewenz.com
Gabriel E. Morales, Esq. (FBN 1038778)
gmorales@shawlewenz.com
Lauren N. Palen, Esq. (FBN 1038877)
lpalen@shawlewenz.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 9, 2025, a true and correct copy of the foregoing

was filed on CM/ECF, which generated notices of electronic filing to all counsel of record.

*/s/ Gabriel E. Morales*
Gabriel E. Morales